Milligan, J.,
delivered the opinion of tbe court:
This action was brought to recover $220.80, allegedto be due on a voucher issued by Oapt. M. H. Insley, assistant quartermaster, on the 30th of November, 1864, for $460.80. The voucher was issued under a parol contract, and states on its face that it was for transporting military supplies, with one two-horse team, from October 24 to December 10, 1864, both dates inclusive, forty-eight days, at $10 per day. It was issued in favor of II. Updegraff, and afterward sold for a valuable consideration to Daniels, Millington & Co., and by them transferred to the claimant, Wm, B. Daniels.
The voucher was subsequently delivered to Col. J. A. Potter, quartermaster at Fort Leavenworth, and by him transmitted to the Quartermaster-General at Washington, D. O., where a board of examination was convened, and, for reasons not shown in its report, only $240 was allowed on it. This sum was received under a written jirotest by claimant’s agents, Ritten-house, Fowler & Co., and suit brought to recover the balance.
A recovery is resisted on the ground that the contract under which the service was performed was in parol, and without the presence of a military exigency, such as would authorize a verbal contract under the Act March 2, 1861, (§ 10.)
This position is met by the following order of Major-General Curtis, then in command of the forces to be supplied under the contract in question:
“Fort Scott, Kans., October 26,1864.
“Oapt. M. H. Insley, Depot Quartermaster:
“You will immediately send forward to the army in the field in pursuit of Price’s army, fifty thousand (50,000) rations of old corn, in half-loaded wagons, and fifty thousand rations of commissary stores, in half-loaded wagons, with directions to drive day and night till the army is overtaken.”’
*516 It will be observed that the order bears date October 26, while the contract was entered iuto on the 24th, and on this ground it is iusistedjthatjjthe latter derives no support from the former.
It cannot be doubted that the order of the general commanding declares the existence of an exigency for the immediate delivery of the supplies contracted for of the most urgent character. The army was then in pursuit of the rebel General Price, who was flying before it, and the necessity for supplies was so great that the wagons were required to be only half loaded, and the teams driven day and night until the army was overtaken.
No greater exigency could well be imagined; and without attempting to refer the case to the Act March 2, 1861, which, under the broad decision of the Supreme Court in Speed's Case, (7 C. Cls. R., p. 93,) would probably cover it, this court, in Cobb, Christy & Co.’s Case, (7 C. Cls. R., p. 470,) has held that the purchase of military supplies in an emergency during the rebellion's governed] by the Act July 4, 1864. (13 Stat. L., p. 394, § 4.)
This statute was enacted expressly to meet such emergencies arising during the war, and we would be doing violence both to its letter and spirit to refuse to”give it effect in this case.
The supplies were needed, and all furnished under authority of the quartermaster, and there is nothing impeaching the validity of his voucher, except the want of authority under the Act July 4, 1864, to contract without advertisement prior to the issuance of the commanding generals order. This want of authority at most covers only two days of the period included in the voucher, and-it would be manifestly unjust and inequitable to allow a mere technical objection to defeat the whole claim. The work is shown to have been worth, under the circumstances in which it was performed, the price charged; and the want of authority in the quartermaster to contract can have no greater effect than to cut off the two days the claimant was employed before the date of the order.
For the remaining/fórty-six days he should recover the full value of his services at $10 per day, less the amount heretofore received.
On this basis the account stands thus :
*517 For forty-six days, at $10 per day.$460 00
Amount received. 240 00
Bemainder . 220 00
Judgment will therefore be entered in the name of H. Upde-graff, for the use of Win. B. Daniels, for $220.
LoeiNG-, J., did not sit at the trial of this case, and took i?c part in the decision.